UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN TILLOTSON,<br><br>           Petitioner,<br><br>   v.<br><br>DAVID SMITH, Warden,<br><br>           Respondent. | 1:06-CV-00978 LJO SMS HC<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS<br>[Doc. #11]<br><br>ORDER DISMISSING PETITION<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On July 27, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner was sentenced to serve sixty (60) months imprisonment on January 9, 2004; he has a projected release date of May 10, 2008. Petitioner claims the BOP is unlawfully denying him consideration for placement into a Residential Re-entry Center ("RRC"). On October 23, 2006, Respondent filed an answer to the petition. Petitioner filed a traverse on November 1, 2006.

      On April 17, 2007, Petitioner filed a motion for summary judgment. However, on March 1, 2007, Respondent filed a motion to dismiss the petition as moot, because Respondent has conducted the inquiry Petitioner requested as relief in his petition. In his motion, Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21

1  or the 2002 and 2005 Community Corrections Policies.'" See Respondent's Motion to Dismiss
2  (hereinafter "Motion"). As a result of this evaluation, the BOP has determined Petitioner is to spend
3  "120-150 days in a Residential Re-entry Center before his release." Id. As proof, Respondent has
4  provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." See
5  Exhibit 3, Motion.

6      Because Petitioner has already been granted the relief he requested and recommended by the
7  Magistrate Judge, the case is now moot.  The case or controversy requirement of Article III of the
8  Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y
9  v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of
10 Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented
11 are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v.
12 Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to
13 decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice,
14 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth,
15 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

16     Accordingly, IT IS HEREBY ORDERED that:
17     1. Respondent's Motion to Dismiss is GRANTED;
18     2. The Petition for Writ of Habeas Corpus is DISMISSED as moot;
19     3. Petitioner's motion for summary judgment is DENIED; and
20     4. The Clerk of Court is DIRECTED to enter judgment.
21 IT IS SO ORDERED.
22 **Dated:   May 7, 2007**      **/s/ Lawrence J. O'Neill**
       UNITED STATES DISTRICT JUDGE