UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAUN TILLOTSON, | ) | 1:06-CV-00978 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | [Docs. #14, 15, 16] |
| DENNIS SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 27, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. Respondent filed an answer on October 23, 2006, and Petitioner filed his traverse on November 1, 2006.

On April 17, 2007, Petitioner filed a motion for summary judgment claiming any further delay would cause irreparable harm. Respondent replied on March 1, 2007, with a motion to dismiss the petition as moot. Respondent stated he had conducted the inquiry Petitioner had requested as relief. On May 8, 2007, the undersigned determined Respondent had conducted the evaluation requested by Petitioner as shown in the form entitled, "Institutional Referral for CCC Placement." See Exhibit 3, Respondent's Motion to Dismiss. As a result of the evaluation the Bureau of Prisons

("BOP") determined Petitioner would spend between 120-150 days in a Residential Re-entry Center. Id. Accordingly, the undersigned granted the motion to dismiss as moot.

On May 18, 2007, Petitioner filed a motion opposing the motion to dismiss and a motion for reconsideration of the Court's order granting the motion to dismiss. Petitioner contends he has not been provided a complete copy of Program Statement 7310.04, Community Correction Center (CCC) Utilization and Transfer Procedure, (12-16-1998), that was referenced in Respondent's motion. In addition, he argues that the language from the portions he was provided appear to derive from 28 C.F.R. §§ 570.20, 570.21 and therefore conflict with 18 U.S.C. § 3621(b).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner fails to meet this standard. The Court has considered Petitioner's arguments and finds them to be without merit. As stated above, Petitioner argues he was not given a complete copy of Program Statement 7310.04. However, he was provided with pages 8-12 of the program statement. Rule 5 of the Rules Governing Section 2254 Cases[1] instructs Respondent to include any and all documents *relevant* to the resolution of the issues presented in the petition. The Court has reviewed the complete program statement, and the portion of Program Statement 7310.04 provided is the relevant portion necessary for determination of the issues presented. Thus, a complete copy was not necessary under the instructions.

Petitioner also argues that Program Statement 7310.04, like 28 C.F.R. §§ 570.20, 570.21 conflicts with 18 U.S.C § 3621. However, Program Statement 7310.04 does not limit the BOP's discretion like §§ 570.20 and 570.21. It only requires the BOP conduct an assessment within 11 to 13

---

[1] As noted in the Order to Respond of August 23, 2006, the Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases.

months from the date of the projected release date, thereby assuring the inmate receives a timely assessment. The program statement does not preclude the BOP from exercising its discretion and conducting an assessment at any time during an inmate's sentence. Therefore, the program statement does not run afoul of 18 U.S.C. § 3621(b).

As to Petitioner's request for an immediate transfer to an RRC or a determination that he be granted at least 6 months in an RRC, his requests must be denied. There is no authority of which this Court has been alerted to which would require the BOP to conduct an RRC eligibility review or immediately transfer an inmate to an RRC upon an inmate's demand. Rather, the BOP retains the *discretion* to transfer the inmate at any time during his or her incarceration, and only has the *duty to consider* an inmate for transfer in the last six months of the sentence. 18 U.S.C. § 3624(c); Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir.2004.).

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   June 5, 2007**               /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE